UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15:CR00393-HEA (NAB) |
| | ) | |
| KENNETH HUTCHINGS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO ALLOW DEFENDANT TO WITHDRAW HIS ORIGNIAL GUILTY PLEA**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and submits the following motion.

1. The Defendant is charged with two counts of Possession of Child Pornography in violation of 18 U.S.C. Section 22552(a)(5)(B). The Defendant pled guilty to these charges on January 14, 2016. A plea agreement signed by both parties was filed that day. The Defendant is currently in the custody of the United States Marshal Service.
2. Included in that plea agreement, beginning on page 10 and carrying into page 11, are the statutory penalties for the crime of Possession of Child Pornography. The plea agreement states that the crime carries a mandatory minimum sentence of ten years in the Bureau of Prisons if the offender has a prior conviction. The government drafted the plea agreement and wrote that the range of punishment was enhanced due to the

defendant's juvenile adjudication. Since that original plea in January, the Department of Justice has changed its' policy on use of juvenile adjudications as prior convictions in possession of child pornography cases. Specifically, in May of this year, the Solicitor General's determined that a juvenile delinquency adjudication is not a prior "conviction" that triggers a sentence enhancement under three child-pornography statutes, 18 U.S.C. Sections 2251(e), 2252(b), and 2252A(b). This guidance departs from the only published case law on this issue. In *United States v. Woodard*, 694 F.3d 950, 952 (8th Cir. 2012), the Eighth Circuit concluded that a juvenile adjudication can qualify as a prior conviction under 18 U.S.C. Section 2252(b).

3. The government spoke with defendant's attorney about the matter. Both the defense attorney and the government believe that the best course of action under these unusual circumstances is to allow the defendant to withdraw his plea. The defendant can (if he chooses) enter a new plea based on a new plea agreement that does not include the enhancement to the penalty range based upon a juvenile adjudication.

WHEREFORE, the government respectfully requests that this Court allow the defendant to withdraw his plea of guilty.

Respectfully submitted,
RICHARD C. CALLAHAN
United States Attorney

*/s/ Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333

St. Louis, MO 63102
(314) 539-2200

Certificate of Service

I hereby certify that on June 2, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Brocca Morrison
Attorney for the Defendant

/s/ *Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney